UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON K. GUYTON, CARNELL G. BUTLER,
LINDA HARRIS, ORION E. PAGE, JOHN W.
NELSON, GEORGE A. IWANKOVITSCH,
ZAVERY Q. SMITH, RAYMOND L. FAIR,
WILLIAM R. ARTER, SANDRA
HINES-JENKINS, WALLACE BATES,
BENJAMIN MORGAN, BEVERLY COLE,
RICHARD WHITE, DONNA YOUNG,
RANDELL TANSIL, RICHARD MARTIN,
RICKIE HAILEY, DERRICK PARKER,   Case. No. 08-10104
VENETIA HARRIS, DENISE HEARD,    Hon. Patrick J. Duggan
JAMES TOODLE, DARLEENE LANIER,
DWAYNE RICHEY, JOAN RUSHING,
AUDREY JACKSON, MARY JONES,

       Plaintiffs,

v.

DETROIT PUBLIC SCHOOLS,

       Defendant.
_____

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 14, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiffs, formerly employed as head custodians for Defendant Detroit Public Schools (DPS), filed this putative class action lawsuit against DPS alleging violations of 42 U.S.C. §§ 1981 and 1983 and Michigan's Eliott-Larsen Civil Rights Act (ELCRA). In Count I of their complaint, Plaintiffs allege that they were terminated "because of their

race, ethnicity, or minority status" in violation of federal law.  In Count II of the complaint, Plaintiffs allege that Kenneth Burnley, in his official capacity as the Chief Executive Officer for DPS, made or ratified the decision to terminate Plaintiffs on the basis of race.[1]  In Count III, Plaintiffs allege that they were wrongfully terminated because of their age in violation of ELCRA.

Pending before the Court is DPS' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion has been fully briefed and the Court held a motion hearing on April 24, 2008.  For the reasons stated below, the Court grants in part and denies in part DPS' motion.

**I.     Applicable Standard**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept the plaintiff's factual allegations as true.  *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).  Although the facts alleged in the

---

[1]Plaintiffs do not name Burnley in the caption of their complaint.  In fact, aside from the allegations contained in Count II, Plaintiffs do not identify Burnley as a defendant to this action anywhere in their complaint.  Plaintiffs do not list him as a defendant on the Civil Cover Sheet.  From the court record, it also does not appear that Plaintiffs have served Burnley with a summons and a copy of the complaint.  This Court therefore agrees with DPS that Burnley is not a party to this lawsuit.  As a result, the Court is uncertain what Plaintiffs are alleging in Count II of their complaint.

2

complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court has elucidated the following standard:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S. Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be

taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## II.  Factual Background[2]

In the Fall of 2003, DPS experienced a significant decline in student enrollment which led to a projected $48.7 million budget deficit. In June 2004, as part of a reorganization plan, DPS terminated 208 of its 277 "head custodians." Due to continued declining enrollment and revenue the following school year, DPS terminated the remaining head custodians in July 2005. DPS maintains that the terminations were motivated solely by economic necessity. Plaintiffs claim that the terminations resulted from unlawful discrimination. Therefore, a group of eleven former head custodians ("state court plaintiffs") filed a complaint against DPS in Wayne County Circuit Court on March 16, 2006, alleging age discrimination in violation of ELCRA.

Following the completion of extensive discovery in the state court action, DPS filed a motion for summary disposition. On January 8, 2008, after evaluating the evidence and the parties' pleadings, Wayne County Circuit Court Judge Gershwin Drain found that the state court plaintiffs failed to produce any evidence of a discriminatory intent:

> . . . the Court really has seen no evidence of substance that age was a factor in terminating the head custodial position. There was no evidence about any kind of improper motives,

---

[2]Plaintiffs provide little factual background information in their complaint. Therefore, the facts contained in this section are derived from DPS' motion, to the extent not disputed by Plaintiffs, and the Wayne County Circuit Court's oral ruling on January 8, 2008 in *Guyton et al. v. DPS*, No. 06-607323. (*See* Defs.' Mot. Ex. 10.)

4

> any age-related statements made by any of the parties, no
> negative age-related comments by any of the decision makers.

(Defs.' Mot. Ex. 10, at 12). Judge Drain further found that DPS had a legitimate business reason for its decision to terminate the head custodians: "And it's pretty clear to the Court that the decision to eliminate that spot was purely a cost-saving matter; as the parties refer in their pleadings, it was an economic necessity." (*Id.*) Judge Drain concluded that the state court plaintiffs failed to establish that DPS' argument of economic necessity was pretextual. (*Id*. at 12-13.) Accordingly, in an oral ruling at a hearing on January 8, 2008, Judge Drain granted DPS' motion for summary disposition and dismissed the state court action. (*Id*. at 13.) Judge Drain issued a written order and judgment on January 23, 2008. (Defs.' Mot. Ex. 2.) One day before the state court hearing where Judge Drain ruled on DPS' motion, Plaintiffs filed the present action alleging race discrimination in violation of federal law and age discrimination in violation of ELCRA.

**III.    Applicable Law and Analysis**

DPS seeks dismissal of Plaintiffs' complaint on the basis of res judicata and collateral estoppel. DPS further argues that dismissal is proper because, it contends, Plaintiffs' complaint is facially insufficient and fails to state a claim upon which relief may be granted.

As an initial matter, Plaintiffs concede that the res judicata doctrine bars the age discrimination claim of the eleven state court plaintiffs. With respect to the age discrimination claim of the remaining sixteen Plaintiffs and the race discrimination claim of all twenty seven Plaintiffs, Plaintiffs respond that the doctrines of res judicata and

5

collateral estoppel do not apply to this dispute. First, Plaintiffs argue that the privity required under both doctrines is not satisfied because their interests are not substantially similar to the interests of the state court plaintiffs. Second, Plaintiffs argue that the state court plaintiffs did not adequately represent their interests. Finally, Plaintiffs claim that there are significant legal and factual distinctions between the two cases which render the doctrines of res judicata and collateral estoppel inapplicable to their dispute. With respect to the sufficiency of their complaint, Plaintiffs contend that it adequately states a claim for relief.

### A. Collateral Estoppel

DPS argues that this lawsuit must be dismissed because Plaintiffs' claims are barred by the collateral estoppel or issue preclusion doctrine. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649 (1979) (citing *Blonder-Tongue Lab., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328-29, 91 S. Ct. 1434, 1442-43 (1971)). It is well settled that federal courts must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984).

Under Michigan law,

> Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding.

*Leahy v. Orion Twp.*, 269 Mich. App. 527, 530, 711 N.W.2d 438, 441 (2006) (citing *People v. Gates*, 434 Mich. 146, 154, 452 N.W.2d 627 (1990)). Thus, under the doctrine of collateral estoppel, a subsequent action is barred if the following requirements are satisfied:

> (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue.

*United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Gates*, 434 Mich. at 154-56, 452 N.W.2d at 630-31).

Plaintiffs argue that the first requirement is not satisfied with respect to the sixteen Plaintiffs that were not parties to the state action. With respect to those Plaintiffs, however, the test imposed by Michigan law is one of privity, not perfect identity of all parties. For the following reasons, the Court finds that the sixteen Plaintiffs not named in the state court action were in privity with the state court plaintiffs.

"To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *ADF Int'l v. Steelcon, Inc.*, 409 F. Supp. 2d 836, 840 (2005) (citing *Adair v. State*, 470 Mich. 105, 122, 680 N.W.2d 386, 396 (2004)). "[A] nonparty to an earlier proceeding will be bound

if that party controlled the earlier proceeding or *if the party's interests were adequately represented in the original matter.*" *ADF*, 409 F. Supp. 2d at 842 (emphasis added) (citing *Dearborn Heights Sch. Dist. No. 7 v. Wayne County*, 233 Mich. App. 120, 127, 592 N.W.2d 408, 412 (1998)). Where there is a "community of interests" between the two sets of plaintiffs, the Sixth Circuit has found the privity element satisfied. *Bronson v. Bd. of Educ.*, 525 F.2d 344, 349 (6th Cir. 1975); *see also Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 516 (6th Cir. 1987) (looking at the similarity between the classes and the "commonality of their interests" in determining whether two sets of plaintiffs are in privity).

In *Detroit Police Officers Association v. Young*, the Sixth Circuit considered whether Caucasian Detroit police officers below the rank of sergeant challenging the city's affirmative action program were in privity with Caucasian police sergeants who had previously challenged the same program, so that collateral estoppel barred the non-sergeant plaintiffs' lawsuit. The court found a "strong community of interests" between the two sets of plaintiffs and therefore concluded that the privity requirement was satisfied:

> As to the general question of the City's past discrimination, the interest of this plaintiff class is directly analogous to that of the [class of plaintiffs in the earlier filed lawsuit]. In both cases, to prevail the plaintiffs had to prove that the City's own determination that it had engaged in past discrimination was so flawed as to make its institution of a voluntary affirmative action plan unconstitutional. That exact issue was decided in the negative by [the court in the previous action]. Therefore, there is a "strong community of interests" between the classes. Moreover, there is overlap in membership between

8

> the classes. In fact, the three named plaintiffs in this case were
> also members of the [class in the earlier case].

*Detroit Police Officers Ass'n*, 824 F.2d at 516 . The court set forth the following reason for finding privity in cases challenging particular wrongful conduct of a public body: "'. . . a public body should not be required to defend repeatedly against the same charge of improper conduct if it has been vindicated in an action brought by a person or group who *validly and fairly represent* those whose rights are alleged to have been infringed.'" *Id*. (quoting *Bronson*, 525 F.2d at 349) (emphasis added in former).

The Sixth Circuit also applied the "community of interest" standard in *Puckett v. City of Louisville* to find privity between a Caucasian, City of Louisville police officer alleging employment discrimination because he was denied an opportunity to be considered for promotion pursuant to a court-ordered affirmative action program and the plaintiffs in the lawsuit in which the affirmative action program was approved. No. 92-5869, 1993 WL 94043 (Mar. 31, 1993) (unpublished opinion). The court found further strength for its finding of privity between the two sets of plaintiffs in *Puckett* based on the plaintiff's activity in the first lawsuit, indicating that it had adequately and fairly represented Puckett's interests:

> Noting that [Sergeant] Puckett's claim is almost identical, the
> district court found 'an extremely strong community of
> interest between Puckett in this action and the FOP [the
> plaintiff] in [the first action, which was a class action
> lawsuit]." This finding is strengthened by the facts [sic] that
> the FOP participated fully in the class action discovery
> proceedings and trial; that the FOP was a party to the
> negotiations that culminated in the consent decree; that the
> FOP specifically challenged the provisions that later resulted
> in Sgt. Puckett not being referred to the chief of police as a

9

> candidate for promotion; and that the FOP joined in a motion asking the court "to consider the objection of the . . . FOP and to schedule a hearing for the purpose of determining whether the proposed consent decree is fair, adequate, reasonable and should be approved by the Court."

1993 WL 94043, at *3. Similarly, in the present matter, this Court finds that the state court plaintiffs adequately and fairly represented Plaintiffs' interests in the earlier litigation and that there is a strong community of interest between the two sets of plaintiffs.

The central issue with respect to Plaintiffs' age discrimination claim in the present matter and in the state court action is the same– i.e., whether DPS was motivated by age when it made its decision to terminate the head custodians. The state court plaintiffs conducted extensive discovery and litigated the state court case for nearly two years, attempting to establish that their terminations resulted from age discrimination. In that regard, the state court plaintiffs had the same interest in identifying witnesses and eliciting testimony establishing DPS' discriminatory intent as Plaintiffs do here. Further, as was the case in *Detroit Police Officers Association*, there is a substantial overlap in the plaintiffs named in both cases. Moreover, both sets of plaintiffs are represented by the same attorney. For these reasons, this Court finds that the state court plaintiffs and Plaintiffs are in privity with respect to the age discrimination claim.

For the same reasons, the Court also finds that the state court plaintiffs had a full and fair opportunity to litigate the issue of whether DPS was motivated by age in terminating its head custodians. Further, this issue was litigated in the state court proceedings and was necessary to the state court's decision to grant summary disposition

to DPS. Judge Drain concluded (as indicated previously) that DPS established a legitimate, non-discriminatory reason for terminating its head custodians and that the state court plaintiffs failed to demonstrate that this reason was a pretext for age discrimination. Therefore, with respect to Plaintiffs' age discrimination claim, the Court finds that the third, fourth, and fifth requirements of collateral estoppel are satisfied.

The last remaining factor– whether there was a valid, final judgment in the first proceeding also is satisfied. Under Michigan law, a "dismissal on a motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits." *Sherrell v Bugaski*, 169 Mich. App. 10, 17 (1988) (citing *Carter v. Southeastern Mich. Transp. Auth.*, 135 Mich. App 261, 265 (1984)). The state court's order granting DPS' motion for summary disposition and dismissing the plaintiffs' complaint therefore qualified, under Michigan law, as an adjudication on the merits.

DPS argues that the state court's finding of a legitimate business reason for DPS' termination decision also prevents Plaintiffs from prevailing on their race discrimination claim pursuant to the collateral estoppel doctrine. Plaintiffs argue that collateral estoppel does not bar their race discrimination claim because the issue of whether DPS' decision was motivated by race was not squarely addressed by the state court. This Court agrees. Additionally, the Court cannot conclude that Judge Drain, if presented with strong evidence of a racial motive, would have concluded that DPS' legitimate business reason was pretextual.

In summary, the Court concludes that the requirements for collateral estoppel are satisfied with respect to Plaintiffs' age discrimination claim. The Court therefore holds that Plaintiffs are barred from relitigating the issue of whether DPS' motive for terminating its head custodians was based on age. Because the state court plaintiffs did not assert a race discrimination claim, however, the Court concludes that Plaintiffs' race discrimination claim is not barred by the doctrine of collateral estoppel.

**B.     Res Judicata**

The doctrine of res judicata refers to "the effect of a judgment in foreclosing litigation of a matter that has been litigated and decided in a prior civil action." *Migra*, 465 U.S. at 77 n.1, 104 S. Ct. at 894 n.1. Like the collateral estoppel doctrine, "[i]t is now well settled that a Federal Court must give to a State Court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Smith, Hinchman & Grylls, Assoc., Inc. v. Tassic*, 990 F.2d 256, 257 (6th Cir. 1993). Under Michigan law, the res judicata doctrine precludes subsequent legal action if: "(1) [t]he prior action was decided on the merits; (2) [t]he issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies." *Id*. at 257-78.

For the reasons discussed in the preceding section, the Court finds all of these requirements satisfied with respect to Plaintiffs' age discrimination claim. However, for the reasons that follow, the Court does not find the second requirement satisfied with respect to Plaintiffs' race discrimination claim.

At the motion hearing, Plaintiffs' counsel represented that he only became aware of evidence indicating that race might have been a factor in DPS' decision in late December 2007 or early January 2008. This Court cannot conclude that counsel would have discovered this evidence earlier through the exercise of due diligence. By the time counsel claims he became aware of a possible race discrimination claim, DPS already had filed its motion for summary disposition in the state court proceedings. Plaintiffs' Counsel represented that he believed the state court would not have allowed an amendment to the complaint at that late stage in the proceedings in order to add a race discrimination claim and that because he intended to file the claim under federal law it was most efficient to simply pursue a new case in federal court. Thus the Court does not conclude that Plaintiffs' race discrimination claim could have been raised and resolved in the state court lawsuit through the exercise of due diligence. Accordingly, the Court holds that the doctrine of res judicata does not bar this claim.

**C. Failure to State a Claim upon which Relief may be Granted**

DPS contends that Plaintiffs' complaint is deficient because Plaintiffs fail to set forth any factual allegations to support the elements of their claims. In response, Plaintiffs maintain that they have satisfied the pleading requirements of Federal Rule of Civil Procedure 8(a) and that, in any event, DPS is sufficiently aware of the factual basis on which their claims are based.

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief, such as a complaint, set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim

showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. FED. R. CIV. P. 8(a). Pleadings must provide "fair notice of what the [party's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). As the Supreme Court recently indicated in *Twombley*, although the complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Id*. at 1964-65.

As previously noted, Plaintiffs provide almost no factual background information in their complaint. Plaintiffs complaint only contains a formulaic recitation of the elements of their claims. Thus it fails to satisfy the pleading requirements of Rule 8(a). Nevertheless, at this stage in the proceedings and because DPS is familiar with the facts relevant to Plaintiffs' lawsuit based on the state court proceedings, the Court believes that the way to resolve this deficiency is to require Plaintiffs to file an amended complaint, rather than to dismiss Plaintiffs' lawsuit as DPS requests.

## IV. Conclusion

For the reasons stated above, this Court concludes that the collateral estoppel and res judicata doctrines preclude Plaintiffs from relitigating their age discrimination claim. Plaintiffs' race discrimination claim, however, is not barred by either doctrine. Finally, while Plaintiffs' complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8(a), at this early stage in the proceedings the Court will allow Plaintiffs the opportunity to file an amended complaint that complies with the rule's pleading requirements rather than dismiss their race discrimination claim outright.

Accordingly,

**IT IS ORDERED**, that DPS' motion to dismiss Plaintiffs' complaint is **GRANTED IN PART AND DENIED IN PART** in that Plaintiffs' age discrimination claim, only, is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiffs shall file an amended complaint within fourteen days of this Opinion and Order.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATE DISTRICT JUDGE

Copies to:
Benjamin Whitfield, Jr., Esq.
Jerome R. Watson, Esq.
Richard W. Warren, Esq.
Christopher M. Trebilcock, Esq.