UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON K. GUYTON, CARNELL G.
BUTLER, LINDA HARRIS, ORION E.
PAGE, JOHN W. NELSON, GEORGE A.
IWANKOVITSCH, ZAVERY Q. SMITH,
RAYMOND L. FAIR, WILLIAM R.                    Case No. 08-10104
ARTER, SANDRA HINES-JENKINS,
WALLACE BATES, BENJAMIN                        Honorable Patrick J. Duggan
MORGAN, BEVERLY COLE, RICHARD
WHITE, DONNA YOUNG, RANDELL
TANSIL, RICHARD MARTIN, RICKIE
HAILEY, DERRICK PARKER, VENETIA
HARRIS, DENISE HEARD, JAMES
TOODLE, DARLEENE LANIER,
DWAYNE RICHEY, JOAN RUSHING,
AUDREY JACKSON, MARY JONES,

        Plaintiffs,
v.

DETROIT PUBLIC SCHOOLS,

        Defendant.
                                /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on July 24, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs, formerly employed as head custodians for Defendant Detroit Public

Schools ("DPS"), filed this putative class action lawsuit against DPS alleging violations

of 42 U.S.C. §§ 1981 and 1983 and Michigan's Eliott-Larsen Civil Rights Act (ELCRA). In Count I of their amended complaint, Plaintiffs allege that they were terminated "because of their race, ethnicity, or minority status" in violation of federal law. In Count II of the amended complaint, Plaintiffs allege that Defendant made or ratified the decision to terminate Plaintiffs on the basis of race.

Plaintiff's original complaint did not satisfy the requirements of Federal Rule of Civil Procedure 8(a). Upon court order, Plaintiff amended the complaint in attempt to satisfy FRCP 8(a), and on June 19, 2008, Defendant moved to dismiss the amended complaint. Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendant's motion.

## I. Applicable Standard

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although the facts alleged in the complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court has elucidated the following standard:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S. Ct. at 1964-65 (citing FED. R. CIV. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be

3

taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## II. Factual Background[2]

In 2003, DPS experienced a significant decline in student enrollment which led to a projected $48.7 million budget deficit. In June 2004, as part of a reorganization plan, DPS terminated 208 of its 277 "head custodians." Due to continued declining enrollment and revenue the following school year, DPS terminated the remaining head custodians in July 2005. DPS maintains that the terminations were motivated solely by economic necessity. Plaintiffs claim that the terminations resulted from unlawful discrimination. Therefore, a group of eleven former head custodians ("state court plaintiffs") filed a complaint against DPS in Wayne County Circuit Court on March 16, 2006, alleging age discrimination in violation of ELCRA.

Following the completion of extensive discovery in the state court action, DPS filed a motion for summary disposition. On January 8, 2008, after evaluating the evidence and the parties' pleadings, Wayne County Circuit Court Judge Gershwin Drain found that the state court plaintiffs failed to produce any evidence of a discriminatory intent:

---

[2]Plaintiffs provide little factual background information in their complaint, even after the Court granted them an opportunity to amend. Therefore, the facts contained in this section are derived from Defendant's motion, to the extent not disputed by Plaintiffs, and the Wayne County Circuit Court's oral ruling on January 8, 2008 in *Guyton et al. v. DPS*, No. 06-607323. (*See* Defs.' Mot. Ex. 10.)

4

> . . . the Court really has seen no evidence of substance that age was a factor in terminating the head custodial position. There was no evidence about any kind of improper motives, any age-related statements made by any of the parties, no negative age-related comments by any of the decision makers.

(Defs.' Mot. Ex. 10, 12). Judge Drain further found that DPS had a legitimate business reason for its decision to terminate the head custodians: "And it's pretty clear to the Court that the decision to eliminate that spot was purely a cost-saving matter; as the parties refer in their pleadings, it was an economic necessity." (*Id.*) Accordingly, Judge Drain granted DPS' motion for summary disposition and dismissed the state court action. (*Id.* at 13.) Judge Drain issued a written order and judgment on January 23, 2008. (Defs.' Mot. Ex. 2.)

After the Court dismissed their age discrimination claim, Plaintiffs filed this present action alleging race discrimination in violation of federal law. Specifically, Plaintiffs claim that DPS terminated them because of their race, ethnicity, or minority group status in violation of 42 U.S.C. §1981 and 42 U.S.C. § 1983.

### III. Applicable Law and Analysis

DPS seeks dismissal of Plaintiffs' complaint because it does not comply with the Court's order to provide additional factual background. It also contends that Plaintiffs' complaint is facially insufficient and fails to state a claim upon which relief may be granted.

On May 14, 2008, this Court issued an order allowing the Plaintiffs to amend their complaint in order to satisfy the pleading requirements of Federal Rule of Civil Procedure

8(a). Failing to comply with the Rule 8(a) pleading requirements results in an outright dismissal of their race discrimination claim. In response to that order, the Plaintiffs filed an amended complaint that purported to contain additional factual allegations in order to fulfill the pleading requirements. Defendant contends that almost all aspects of the amended complaint are identical to the original complaint, and that the additions do not contain any new information regarding specific instances of discrimination or evidence of Defendant's discriminatory intent. Defendant argues that the new section of the amended complaint merely provides the racial makeup of the custodians and does not satisfy the court order.

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief, such as a complaint, set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. FED. R. CIV. P. 8(a). Pleadings must provide "fair notice of what the [party's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). As the Supreme Court recently indicated in *Twombly*, although the complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Id.* at 1964-65.

The Court previously allowed the Plaintiffs to resolve their complaint's deficiency and file an amended complaint, due to the early stage of the proceedings and

6

Defendant's familiarity with the lawsuit from the state court proceedings. The Plaintiffs' amended complaint, however, does nothing to remedy the inadequacies of their initial pleading. Plaintiffs add almost no new factual background information. Except for removing the name of the former superintendent and adding the racial composition of the custodians, Plaintiffs add nothing of substance. Plaintiffs assert that 90 % of the custodians were African-American, but provide no evidence or factual allegations that DPS treated the African-American custodians differently than the other custodians. Plaintiffs merely state that Defendant treated all custodians unfairly, and a majority of the custodians were African-Americans. Moreover, Plaintiffs' amended complaint still only contains a formulaic recitation of the elements of their claims. Thus, it fails to satisfy the pleading requirements of Rule 8(a), and their claims must be dismissed.

### IV. Conclusion

For the reasons stated above, this Court concludes that Plaintiffs' amended complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8(a). The Court allowed Plaintiffs the opportunity to file an amended complaint to comply with the pleading requirements, but the amended complaint does not comply due to a lack of evidence of specific factual allegations. Therefore, the Court dismisses their complaint outright.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss Plaintiffs' complaint is **GRANTED** and that Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**;

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Benjamin Whitfield, Jr.
Christopher M. Trebilcock
Richard W. Warren